MORGAN, LEWIS & BOCKIUS LLP
Olga Berson, Ph.D., Bar No. 227763
olga.berson@morganlewis.com
2049 Century Park East
Suite 700
Los Angeles, CA  90067-3109
Tel:     +1.310.907.1000
Fax:    +1.310.907.1001

David Sean Cox, Bar No. 181232
david.cox@morganlewis.com
300 South Grand Ave., 22nd Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:    +1.213.612.2501

Jason C. White (to be admitted *pro hac vice*)
jason.white@morganlewis.com
Candace Polster (to be admitted *pro hac vice*)
candace.polster@morganlewis.com
Eugene S. Hwangbo (to be admitted *pro hac vice*)
eugene.hwangbo@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel:     +1.312.324.1000
Fax:    +1.312.324.1001

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nikolai Tankovich, MD, PhD,<br><br>                  Plaintiff,<br><br>          vs.<br><br>Candela Medical, Inc.,<br><br>                  Defendant. | Case No.  8:21-cv-01955<br><br>**COMPLAINT FOR WILLFUL PATENT INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nikolai Tankovich, MD, PhD ("Dr. Tankovich") brings this action against Defendant Candela Medical, Inc., formerly known as Candela Corporation, ("Candela"), and alleges as follows:

## I.   INTRODUCTION AND BACKGROUND FACTS

1. This case is about more than a patent for a laser skin treatment device – it is a classic David versus Goliath story. Candela, a multi-million-dollar international corporation, took advantage of and betrayed Dr. Tankovich, a prolific inventor in the field of medical laser applications, by deliberately misappropriating Dr. Tankovich's new and patented laser skin treatment designs.

2. Dr. Tankovich is a recognized innovator, researcher, and educator for laser applications in medicine, cancer vaccines, stem cell therapies, and other medical related disciplines. Dr. Tankovich has more than 100 U.S. and foreign patents issued and pending.

3. The story of this case begins in early 2018, by which time Dr. Tankovich had developed and built a prototype for a new handheld laser skin treatment device, which he called a MultiFrax Fractional Laser. During a chance encounter with Robert Ruck, an old acquaintance and Candela's then-president for the Asia-Pacific region, Dr. Tankovich told Mr. Ruck, in very general terms, about his device. This drew immediate interest from Mr. Ruck, who indicated he would discuss with Candela's senior management team a possible collaboration with Dr. Tankovich.

4. Shortly thereafter, several members of Candela's senior management team, including Mr. Kola Otitoju, Candela's then-Vice President of Business Development, Mr. Ruck, and Shlomo Assa, Candela's then-Chief Technology Officer, all visited Dr. Tankovich's office in San Diego to learn more about skin treatment with Dr. Tankovich's new laser device.

5. After these visits, Mr. Assa requested detailed information about Dr. Tankovich's new laser skin treatment device, including schematics, a bill of materials, and a list of software and parts manufacturers, along with a video instructing how to operate the device.

6. Before providing any of the information requested by Candela, Dr. Tankovich entered into two Mutual Non-Disclosure Agreements with Candela that were effective as of July 31, 2018 (the "NDAs"), one on behalf of Stemedica Cell Technologies, Inc. and one on behalf of

COMPLAINT

2

Paradigm Medical Technologies Corporation.

7. The NDAs defined Confidential Information to include the information Candela had requested from Dr. Tankovich and recognized that the Confidential Information could include Dr. Tankovich's trade secrets and other proprietary information. The NDAs expressly prevented Candela from using the Confidential Information for any purpose, including for development purposes, other than exploring the possibility of entering into a business relationship with Dr. Tankovich.

8. After the NDAs were signed, Dr. Tankovich sent Candela the information Assa had requested, including schematics, a bill of materials, a list of software and parts manufacturers, and a video showing how to operate the laser skin treatment device. Dr. Tankovich treated all of this information as proprietary and as including trade secrets.

9. Several months later, Candela requested a prototype of Dr. Tankovich's laser skin treatment device so that it could continue to test and evaluate the design.

10. Dr. Tankovich's laser skin treatment device embodied additional proprietary and trade secret features, including the ability to control the distance between the laser beams via a combination of a laser scanner and software control and the ability to control the lasers, based on movement of the tip, using software control. Dr. Tankovich only explained the details of these and other technical features of his laser skin treatment device to Candela after entering into the NDAs.

11. In March 2019, Candela provided Dr. Tankovich with a 20-page report summarizing the results of its testing of Dr. Tankovich's laser system. The report was entitled "MultiFrax Laser System for Facial Rejuvenation Preliminary Evaluation" and was authored by Shlomo Assa (hereinafter "Evaluation Report").

12. The Evaluation Report included a section entitled "Executive Summary – Recommendations:" that includes the following statements:

> **What I love about MultiFrax:**
>
> 2 Single laser diodes operating at 4watts @ 1550nm & 1 watt at 1927nm
>
> Can operate either laser or both at the same time (remedy for slow scanning speeds?).
>
> Battery operated
>
> Small applicator
>
> Simple to operate
>
> Validated and well accepted wavelengths for facial rejuvenation.
>
> Simple GUI.

13. The Evaluation Report also stated:

> It is **highly advised** to be **engaged and involved** with this product and the future advancements in laser diode and battery technologies for Facial Rejuvenation market segment.

14. The Evaluation Report listed six recommendations for next steps, with the sixth being:

> 6. Partner with Stemedica for present and future product configurations, bringing interesting opportunities in wider range of other applications using laser diodes and single axis scanning method.

15. The Evaluation Report included a detailed analysis of Dr. Tankovich's laser skin treatment device, including pictures of the device and test results, as well as a bill of materials listing component prices that were provided by Dr. Tankovich.

16. On multiple occasions, Dr. Tankovich informed Candela's employees that he had issued and pending patents for prior laser inventions and that he intended to pursue patent protection for his new laser skin treatment device.

17. Throughout 2018 and early 2019, Candela repeatedly expressed how impressed it was with Dr. Tankovich's design and its interest in working with Dr. Tankovich to promote and

COMPLAINT

4

distribute his laser skin treatment device.

18. However, after providing the Evaluation Report in March 2019, Candela stopped responding to Dr. Tankovich's follow up emails and other inquiries about the status of their relationship.

19. At no time did Candela inform Dr. Tankovich that it intended to launch its own laser skin treatment device or that it was no longer interested in partnering with him.

20. After Candela fell silent, and to better protect his investments in his laser skin treatment device, on August 20, 2019, Dr. Tankovich applied for a patent covering different aspects of his laser skin treatment device.

21. On June 9, 2020, Dr. Tankovich was awarded U.S. Patent No. 10,675,481 for his laser skin treatment device.

22. In January 2021, Candela released the Frax Pro laser skin treatment device (https://candelamedical.com/na/provider/product/fraxpro), which is substantially a copy of Dr. Tankovich's patented laser skin treatment device. Upon information and belief, the Frax Pro device utilizes many of the same components that were included in the sample laser skin treatment device Dr. Tankovich had previously provided to Candela under the NDAs and includes many of the proprietary and trade secret features disclosed to Candela under the NDAs.

23. Later in 2021, Candela released the Nordlys laser skin treatment device (https://candelamedical.com/na/provider/product/nordlys), which includes the Frax Pro components.

24. "Accused Products" refers collectively to the Candela Frax Pro and Nordlys laser skin treatment devices.

## II. PARTIES

25. Dr. Tankovich is a U.S. citizen and resident of San Diego, California.

26. Candela is a Delaware corporation, with an office located at 3 Goodyear, Unit A, Irvine, CA 92618.

## III. JURISDICTION AND VENUE

27. This civil action for patent infringement arises under the Patent Laws of the United

COMPLAINT

5

States, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. §§ 271, 281, 284, and 289, among others. The Court has subject-matter jurisdiction over the claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a). These claims are so related to the other claims in this case that they form part of the same case or controversy and derive from a common nucleus of operative facts.

28. The Court has personal jurisdiction over Candela because it has a place of business in the Central District of California, and, therefore, is a resident of the Central District of California. In addition or in the alternative, Candela has committed acts of infringement in this District and continue to commit such acts in this District and/or have placed the Accused Products (defined below) into the stream of commerce knowing that some of such products would be sold in this District.

29. Venue in this District is proper pursuant to 28 U.S.C. § 1400(b) as to Candela because it resides in the Central District of California. In addition or in the alternative, venue is proper pursuant to 28 U.S.C. § 1400(b) because Candela has committed acts of infringement and has an established place of business in this District.

### IV. THE ASSERTED PATENT

30. Dr. Tankovich is the owner of United States Patent No. 10,675,481, (the "'481 Patent" or the "Asserted Patent").

31. The '481 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 9, 2020. A true and correct copy of the '481 Patent is attached hereto as Ex. 1.

32. Candela is not licensed under the '481 Patent.

### V. COUNT I – INFRINGEMENT OF THE '481 PATENT

33. Dr. Tankovich repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34. The '481 Patent includes 28 claims.

35. Candela has directly infringed and is directly infringing at least claims 1, 2, 4, 6, 7, 8, and 9 of the '481 Patent by making, importing, using (including for testing or demonstrations),

offering for sale, and/or selling the Accused Product in the United States all in violation of 35 U.S.C. § 271(a).

36. Cndela has indirectly infringed and is indirectly infringing at least claims 1, 2, 4, 6, 7, 8, and 9 of the '481 Patent by inducing end-users of the Accused Product in the United States to directly infringe in violation of 35 U.S.C. § 271(b).

37. More particularly, without limitation as to other claims, infringement of claims 1, 2, 4, 6, 7, 8, and 9 of the '481 Patent is further demonstrated as shown below.

| Claim | Accused Products |
|---|---|
| 1. A laser system for administering two or more beams of laser energy for tissue therapy, comprising: | The preamble of claim 1 is not a limitation, but to the extent it is interpreted to be one, the Accused Products meet it.<br><br>"The Frax Pro system is an advanced diode laser system that delivers highly targeted 1550 nm and 1940 nm wavelengths for dual-depth skin resurfacing." (https://candelamedical.com/na/provider/product/fraxpro)<br><br>The Nordlys includes the Frax Pro components that meet this claim requirement. (https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |
| a) a first laser in optical communication with a first laser scanner that is adapted to distribute a beam from said first laser in a first pattern; and | Upon information and belief, the Frax Pro has a first laser diode associated with each of the 1550 nm and the 1940 nm wavelength devices that are in communication with a first laser scanner that is adapted to distribute a beam from said first laser in a first pattern. (https://candelamedical.com/na/provider/product/fraxpro)<br><br>The Nordlys includes the Frax Pro components that meet this claim requirement. (https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |
| b) a second laser in optical communication with a second laser scanner that is adapted to | Upon information and belief, the Frax Pro has a second laser diode associated with each of the 1550 nm and the 1940 nm wavelength devices that are in communication |

| | |
|---|---|
| distribute a beam from said second laser in a second pattern; | with a second laser scanner that is adapted to distribute a beam from said second laser in a second pattern. (https://candelamedical.com/na/provider/product/fraxpro)<br><br>The Nordlys includes the Frax Pro components that meet this claim requirement. (https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |
| c) wherein said first pattern and said second pattern combine to produce overlapping beams and non-overlapping beams. | Upon information and belief, the first pattern and second pattern produced by both the Frax Pro 1550 nm and the 1940 nm wavelength devices combine to produce overlapping beams and non-overlapping beams. (https://candelamedical.com/na/provider/product/fraxpro)<br><br>The Nordlys includes the Frax Pro components that meet this claim requirement. (https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |
| 2. The system of claim 1, wherein said lasers are adapted to produce beams having the same wavelength. | Upon information and belief, the Frax Pro 1550 nm and the 1940 nm wavelength devices both include multiple lasers that have the same wavelength – 1550 nm and 1940 nm, respectively. (https://candelamedical.com/na/provider/product/fraxpro)<br><br>The Nordlys includes the Frax Pro components that meet this claim requirement. (https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |
| 4. The system of claim 2 or 3, wherein said same or different wavelengths are selected from about 540 nm, about 700 nm, about 810 nm, about 980 nm, about 1064 nm, about 1440 nm, about 1300 nm, about 1550 nm, | Upon information and belief, the Frax Pro 1550 nm and the 1940 nm wavelength devices both include multiple lasers that have the same wavelength – 1550 nm and 1940 nm, respectively. (https://candelamedical.com/na/provider/product/fraxpro) |

| | |
|---|---|
| about 1927 nm, about 1940 nm, about 2790 nm, and about 2940. | The Nordlys includes the Frax Pro components that meet this claim requirement. (https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |
| 6. The system of claim 1, wherein said lasers are solid-state lasers, laser diode lasers, gas lasers, chemical lasers, dye lasers, metal-vapor lasers, semiconductor lasers, or combinations thereof. | The Frax Pro system utilizes diode lasers. (https://candelamedical.com/na/provider/product/fraxpro) The Nordlys includes the Frax Pro components. (https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |
| 7. The system of claim 1, wherein said lasers are adapted to emit said beams in the same mode or a different mode. | Upon information and belief, the lasers in each of the Frax Pro 1550 nm and the 1940 nm wavelength devices can emit laser beams in the same mode or different modes. (https://candelamedical.com/na/provider/product/fraxpro) The Nordlys includes the Frax Pro components that meet this claim requirement. (https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |
| 8. The system of claim 7, wherein said mode is selected from pulse beam mode and continuous beam mode. | Upon information and belief, the lasers in each of the Frax Pro 1550 nm and the 1940 nm wavelength devices can emit laser beams in a pulse beam mode. (https://candelamedical.com/na/provider/product/fraxpro) The Nordlys includes the Frax Pro components that meet this claim requirement. (https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |

COMPLAINT

9

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

| | |
|---|---|
| 9. The system of claim 1, wherein said system comprises a tip. | The Frax Pro system utilizes a tip on both of the 1550 nm and the 1940 nm wavelength devices.<br><br>(https://candelamedical.com/na/provider/product/fraxpro)<br><br>The Nordlys includes the Frax Pro components that meet this claim requirement.<br>(https://marketing.candelamedical.com/EMEA-HQ-CP-2021-06-Webcast-FraxPro-Patel-Waibel_On-Demand.html?utm_medium=email&utm_source=newsletter&utm_campaign=EMEA-HQ-EB-2021-09%20Newsletter&utm_content=Webcast%20%7C%20The%20Smart%20Way%20to%20Frax&country-language=fr) |

38. Candela's acts of infringement have occurred within this District and elsewhere throughout the United States.

39. As a result of Candela's infringing conduct, Dr. Tankovich has suffered damages, and Candela is liable to Dr. Tankovich for damages that adequately compensate him for Candela's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

40. Candela had actual notice of the '481 Patent prior to the filing of the lawsuit, or, alternatively, by the filing of this lawsuit, yet, in spite of such notice, continued to willfully engage in infringing acts, which were egregious.

41. Alternatively, on information and belief, Candela was willfully blind to the existence of the '481 Patent.

42. Dr. Tankovich has suffered harm by the infringing activities of Candela and will be irreparably harmed unless those activities are preliminarily and permanently enjoined by this Court. Dr. Tankovich does not have an adequate remedy at law.

43. Dr. Tankovich is entitled to enhanced damages up to treble damages under 35 U.S.C. § 284.

44. In light of Candela's willful infringement, this case should be declared exceptional, and attorneys' fees should be awarded under 35 U.S.C. § 285.

## VI. COUNT II – UNFAIR COMPETITION – CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

45. Dr. Tankovich repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., injured parties have a right of action against the perpetrator of "any unlawful, unfair or fraudulent business act or practice." Candela's breach of the NDAs and improper misappropriation of Dr. Tankovich's confidential and proprietary information constitute an unlawful business act or practice within the meaning of the UCL.

47. Candela has engaged, and continues to engage, in unfair or unlawful business practices in California by breaching the NDAs and improperly misappropriating Dr. Tankovich's confidential and proprietary information as outlined above.

48. Candela knowingly and intentionally committed the misconduct set forth above.

49. The aforementioned practices, which Candela has used, and continues to use, to its significant financial gain, constitute unlawful competition and provide an unlawful disadvantage to Dr. Tankovich.

50. As a direct and proximate result of such actions, Dr Tankovich has suffered, and continues to suffer, injury in fact and has lost money, property, and/or goodwill in an amount which will be proven at trial.

51. As a direct and proximate result of such actions, Candela has enjoyed, and continues to enjoy, significant financial gain in an amount that will be proven at trial.

52. Candela's unfair or unlawful business practices are continuing.

## VII. REQUEST FOR RELIEF

WHEREFORE, Dr. Tankovich respectfully requests that judgment be entered as follows:

A. Declaring that Candela has directly infringed one or more claims of the '481 Patent;

B. Declaring that Candela has induced infringement of one or more claims of the '481 Patent;

C. Declaring that the claims of the '481 Patent are not invalid and enforceable;

D. Declaring that Candela has violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.;

E. Awarding damages to Dr. Tankovich in an amount to be proven at trial, but in no event less than a reasonable royalty, under 35 U.S.C. §284;

F. Declaring that Dr. Tankovich has been irreparably harmed by the activities of Candela and is likely to continue to be irreparably harmed by Candela's continued infringement and unfair competition;

G. Permanently enjoining Candela and its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Product from further infringement, direct and indirect, of the Asserted Patent and from further unfair competition;

H. Awarding Dr. Tankovich, as appropriate, expenses, costs, and disbursements incurred this action against Candela, including prejudgment and post-judgment interest;

I. Awarding Dr. Tankovich enhanced damages up to treble damages for Candela's willful acts of infringement under 35 U.S.C. §284;

J. Declaring this to be an exceptional case if Candela is found to have willfully infringed, and awarding attorneys' fees under 35 U.S.C. §285;

K. Awarding Dr. Tankovich restitution for Candela's unfair competition;

L. Awarding Dr. Tankovich such other and further relief as this Court deems just and

proper.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Dr. Tankovich hereby demands a trial by jury of all issues so triable.

Dated: November 29, 2021

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Olga Berson
    Olga Berson, Ph.D.
    David Sean Cox
    Jason C. White
    Candace Polster
    Eugene S. Hwangbo
    Attorneys for Plaintiff